UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SABRINA KOEHLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:23-CV-1332 RLW |
| ) | |
| NEW AMERICAN FUNDING, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on separate motions to dismiss filed by Defendant Midland Mortgage and Defendant Brokers Solutions, Inc. d/b/a New American Funding ("NAF").[1] (ECF Nos. 38 and 46). Both Defendants move to dismiss Plaintiff Sabrina Koehler's First Amended Complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The motions are fully briefed and ripe for review.[2] For the reasons that follow, the motions to dismiss are granted in part and denied without prejudice in part.[3]

*I. Background*

Plaintiff Sabrina Koehler, who is proceeding in this matter pro se without the assistance of counsel, alleges that on November 12, 2019, she purchased a residential property located at 4023 Fawn Hollow Drive, House Springs, Missouri 63051 (the "Property"). To purchase the Property,

---

[1] In its motion, Defendant Midland Mortgage states that it is a division of MidFirst Bank, which is the proper defendant in interest.

[2] Also before the Court are Plaintiff's Motion for Leave to File a Surreply to Defendant Midland Mortgage's Motion to Dismiss, and Motion for Leave to File a Surreply to NAF's Motion to Dismiss (ECF Nos. 45, 50). Plaintiff does not request leave to file additional briefing to address new legal arguments made by Defendants in their reply memoranda or to bring relevant, newly decided case law to the Court's attention. Rather, it appears Plaintiff is motivated by a desire to have the last word. Plaintiff's motions are denied.

Plaintiff secured a loan for $157,000.00 from NAF, loan No. 300337494. Plaintiff attached to her Amended Complaint a copy of the Warranty Deed, Note, and Deed of Trust.[4] (ECF No. 35, Ex. A). Plaintiff and Arthur C. Jennewein, who is not a party to this suit, signed the documents and are listed as the borrowers. The documents further indicate that both Plaintiff and Mr. Jennewein are unmarried.

Plaintiff alleges she paid the loan "as agreed." (ECF No. 35 at 3, ¶ 2). Plaintiff does not allege that she paid loan No. 300337494 in full, however, and a statement from NAF attached to the Amended Complaint indicates Plaintiff had an outstanding principal balance of $153,575.06 on September 9, 2020. (ECF No. 35, Ex. K).

On November 17, 2020, NAF filed a Release of Deed on loan No. 300337494, which showed the loan was paid in full.[5] Plaintiff alleges that prior to filing the release, NAF forged signatures on a second set of loan documents, including a Note and Deed of Trust. According to the Amended Complaint, the second set of loan documents, dated October 20, 2020, secured a loan on the Property in the amount of $154,614.00.[6] The signatures of Plaintiff and Mr. Jennewein appear on these documents. Plaintiff alleges she did not sign the documents and that her signature was forged, and that she has proof of the forgery. Plaintiff alleges "upon information and belief, the new loan documents were prepared to allow NAF to get unjust enrichment and apply for federal funding related to the Covid 19 pandemic under the Cares Act." (ECF No. 35 at 4). Plaintiff

---

[4]The attached documents, and many of Plaintiff's other exhibits, are poor copies and are largely illegible. (ECF No. 35, Ex. A).

[5]Plaintiff attached a copy of this document to her Amended Complaint, but it is largely illegible. (ECF No. 35, Ex. B).

[6]Copies of these documents are attached to the Amended Complaint but are largely illegible. (ECF No. 35, Ex. C).

alleges that upon "discovering the fraud" she contacted the police department and filed a police report.[7] (Id. at 5). Plaintiff states that, fearing foreclosure, she paid on the allegedly fraudulent loan even though she never agreed to the loan's terms and conditions.

According to the Amended Complaint, NAF initiated a non-judicial foreclosure on January 27, 2022, and appointed S & W Foreclosure Corporation as the Successor Trustee. On April 5, 2022, the loan, which was already in default, was sold to Lynx Whole Loan Acquisition, LLC ("Lynx"), a debt collection agency that is not a party to this suit. Plaintiff states that a monthly mortgage statement from NAF dated May 17, 2022, indicates she was 289 days past due when Lynx acquired the loan. (ECF No. 35 at 5; Ex. I, ECF No. 35-9 at 2.)

Plaintiff further alleges that NAF "sold a fraudulent loan to Midland Mortgage." (ECF No. 35 at 6). Plaintiff does not allege when the sale to Midland Mortgage occurred. Plaintiff alleges that Midland Mortgage has no right to collect payments or declare Plaintiff in default over a fraudulent loan. Plaintiff alleges that on June 2, 2021, she had a FICO score of 796, which is excellent, and today she has a FICO score of 576, which is poor.

Plaintiff brings the following claims in her Amended Complaint: violations of Missouri Revised Statutes § 443.930 against Defendant NAF (Count I); common law fraud against Defendant NAF (Count II); violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq., against Defendants NAF and Midland Mortgage (Count III); violations of the False Claims Act, 31 U.S.C. §§ 3729, et seq., against Defendants NAF and Midland Mortgage (Count IV); violations of the Federal Trade Commission Act, 31 U.S.C. §§ 41, et seq., against Defendants NAF and Midland Mortgage (Count V); Breach of Fiduciary Duty pursuant to 29

[7]Plaintiff attached a copy of the police report to her Amended Complaint, but it is largely illegible. (ECF No. 35, Ex. F).

U.S.C. § 1109 against Defendants NAF and Midland Mortgage (Count VI); common law Breach of Implied Covenant of Good Faith and Fair Dealing against Defendant NAF (Count VII); common law Unjust Enrichment against Defendant NAF (Count VIII); common law Infliction of Emotional Distress against Defendant NAF (Count IX); violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, et seq., against Defendants NAF and Midland Mortgage (Count X); and common law Slander of Title against Defendants NAF and Midland Mortgage (Count XI).[8]

For relief, Plaintiff seeks an order quieting title of the Property in Plaintiff's favor, and judicial declarations that Plaintiff is the full legal and beneficial owner of the Property and that the Note and Deed of Trust are invalid. Plaintiff also seeks monetary damages including $157,000, "which is the cost of Plaintiff's home," and as well as statutory damages and "three times the interest paid." (ECF No. 35 at 25).

Plaintiff's Amended Complaint does not allege the jurisdictional basis for bringing suit in federal court. The Court finds that it has federal question jurisdiction over claims Plaintiff is bringing pursuant to federal statutes and supplemental jurisdiction over Plaintiff's state law claims. See 28 U.S.C. §§ 1331, 1367. The Court further finds Plaintiff has not alleged, and there is insufficient information in the record to establish, the existence of diversity jurisdiction in this case. See 28 U.S.C. § 1332.

In response to Plaintiff's Amended Complaint, Defendants NAF and Midland Mortgage move to dismiss all claims against them pursuant to Rule 12(b)(6), Fed. R. Civ. P. Both

---

[8] Plaintiff argues in her response memoranda that Defendant Midland Mortgage did not respond to Counts II, VII, and VIII and, therefore, "assumes it is in agreement to those allegations." (ECF Nos. 42 at 2; 43 at 11). The Court disagrees. Plaintiff did not direct these counts against Defendant Midland Mortgage. Defendant Midland Mortgage was not included the headings, and there were no factual allegations against it in the three counts. As such, Midland Mortgage had no obligation to respond to these counts.

Defendants argue that Plaintiff's Amended Complaint fails to allege sufficient facts to state the required elements of each of the claims against them.

## *II. Legal Standard*

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible "where the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Blomker v. Jewell, 831 F.3d 1051, 1055 (8th Cir. 2016) (quotation omitted). The facts alleged must "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. A complaint must offer more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" to state a plausible claim for relief. Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

On a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is improbable," Twombly, 550 U.S. at 556, and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. Id. at 555–56; Fed. R. Civ. P. 8(a)(2). The principle that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions, however. Iqbal, 556 U.S. at 678 (stating "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). Although legal conclusions can provide the framework for a complaint, they must be supported by factual allegations. Id.

A claim sounding in fraud is subject to a heightened pleading standard, and the plaintiff "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P.

5

9(b). To satisfy this requirement, the pleader must generally set forth the "who, what, when, where, and how of the misconduct charged." BJC Health Sys. v. Columbia Cas. Co., 478 F.3d 908, 917 (8th Cir. 2007) (internal quotation marks and quoted cases omitted). "[C]onclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the rule." Schaller Tel. Co. v. Golden Sky Sys., Inc., 298 F.3d 736, 746 (8th Cir. 2002) (quoted case omitted).

A complaint filed by a self-represented plaintiff should be liberally construed. Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)). The complaint, however, "still must allege sufficient facts to support the claims advanced." Stone, 364 F.3d at 914 (regarding a self-represented plaintiff, "we will not supply additional facts, nor will we construct a legal theory for plaintiff that assumes facts that have not been pleaded."); Cunningham v. Ray, 648 F.2d 1185, 1186 (8th Cir. 1981) (self-represented "litigants must set [a claim] forth in a manner which, taking the pleaded facts as true, states a claim as a matter of law."). The Court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." Wiles v. Capitol Indem. Corp., 280 F.3d 868, 870 (8th Cir. 2002).

### *III. Discussion*

In her Amended Complaint, Plaintiff brings federal and state law claims against Defendants NAF and Midland Mortgage. The Court will first address Plaintiff's federal law claims.

    **A.**    **Fair Debt Collection Practices Act**

In Count III, Plaintiff alleges the Defendants violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, et seq. Plaintiff alleges NAF violated the FDCPA by forging signatures on loan applications, the Deed of Trust, and Promissory Note. She contends the note is void, and NAF and Midland are "guilty" of violating the FDCPA because they sent out

6

monthly mortgage statements that misstated the correct amount due, in violation of 15 U.S.C. §§ 1692d, 1692(e)(2)(A), 1692e(10), and 1692f(1). (Id. at 15).

"The FDCPA is designed to protect consumers from abusive debt collection practices and to protect ethical debt collectors from competitive disadvantage." Quinn v. Ocwen Fed. Bank FSB, 470 F.3d 1240, 1246 (8th Cir. 2006) (citing 15 U.S.C. § 1692(e); Peters v. Gen. Serv. Bureau, Inc., 277 F.3d 1051, 1054 (8th Cir. 2002)). Under the FDCPA, debt collectors cannot use false, deceptive, misleading, unfair, or unconscionable means to collect or attempt to collect a debt. Peters, 277 F.3d at 1054 (citing 15 U.S.C. §§ 1692e, 1692f). To state a claim under the FDCPA, Plaintiff must allege, "(1) [she] is a 'consumer' within the meaning of the statute; (2) the defendant collecting the debt is a 'debt collector' within the meaning of the statute; and (3) the defendant has violated by act or omission a provision of the FDCPA." Somlar v. Nelnet Inc., No. 4:16-CV-1037 AGF, 2017 WL 35703, at *2 (E.D. Mo. Jan. 4, 2017) (internal citations omitted). See also Smith v. Stewart, Zlimen & Jungers, Ltd., 990 F.3d 640, 644 (8th Cir. 2021) (affirming Rule 12(b)(6) dismissal by examining whether defendant was a "debt collector" and if there was a violation of the statute). A "debt collector" is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."[9] 15 U.S.C. § 1692a(6).

In her Amended Complaint, Plaintiff alleges NAF is in the business of mortgage lending and servicing, and Midland Mortgage is a mortgage loan servicer. (ECF No. 35 at 2).

---

[9]There are limitations and exclusions to the definition, which do not apply in this case. See 15 U.S.C. § 1692a(6)(A)-(F). Further, "[f]or the purpose of section 1692f(6) of this title, [debt collector] also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests." Id., § 1692a(6). Plaintiff does not allege Defendants violated § 1692f(6). NAF was a lender, and the originator of loans on the Property. Midland Mortgage is alleged to be a mortgage servicer.

Elsewhere in the Amended Complaint, Plaintiff alleges, "Both Defendant, NAF and Midland Mortgage are debt collectors under the FDCPA according to correspondence received by Plaintiff." (Id. at 6). There are no other allegations regarding NAF's and Midland Mortgage's attempts to collect on a debt. The basis of Plaintiff's FDCPA claim is that the Defendants sent her monthly mortgage statements on the allegedly fraudulent loan.

Plaintiff's allegation that Defendant NAF and Midland Mortgage are debt collectors under the FDCPA "according to correspondence received by Plaintiff" is insufficient to state a claim against these Defendants. The allegation is conclusory, lacks factual content, and merely recites an element of the claim. As stated above, a complaint must offer more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" to state a plausible claim for relief. Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). This allegation without factual context is insufficient to state a claim. Id.; see also Blomker, 831 F.3d at 1055.

Further, the fact Plaintiff received correspondence containing disclosures that NAF and Midland Mortgage were debt collectors under the FDCPA does not make it so. Boilerplate disclosures "do[ ] not automatically trigger the protections of the FDCPA, just as the absence of such [disclosures] does not have dispositive significance." Heinz v. Carrington Mortg. Servs., LLC, 3 F.4th 1107, 1114 (8th Cir. 2021). Courts must look to the substance of the correspondence to determine whether it is a communication from a debt collector made in connection with the collection of a debt. Id. (quotation and citations omitted). Plaintiff did not describe the substance of the correspondence or attach copies of it to her Amended Complaint.  In short, there are no factual allegations in the Amended Complaint that either NAF or Midland Mortgage attempted to collect on a debt within the meaning of 15 U.S.C. § 1692a(6). See Schmitt v. FMA All., 398 F.3d 995, 998 (8th Cir. 2005) (holding the FDCPA regulates the activities of debt collectors, not

8

creditors). Plaintiff alleges that Defendant NAF is a lender, and Midland Mortgage is a mortgage loan servicer. Plaintiff fails to state a claim under the FDCPA, and the Court dismisses Count III.

### B.     False Claims Act

In Count IV, Plaintiff alleges NAF violated the False Claims Act ("FCA"), 31 U.S.C. §§ 3729, et seq.   She states that "Defendant NAF violated the [FCA] which is a federal law that imposes liability on persons and companies who defraud government programs such as FHA." (ECF No. 35 at 16).    To state a claim under the FCA, a party must allege the following: "(1) the defendant made a claim against the United States; (2) the claim was false or fraudulent; and (3) the defendant knew the claim was false or fraudulent." United States v. Basin Elec. Power Co-op., 248 F.3d 781, 803 (8th Cir. 2001).

While FCA actions are normally brought by the United States, an individual may seek to bring a qui tam action under the FCA. A qui tam proceeding is a civil action brought by a private individual, known as a relator, in the name of the government against a party that is allegedly perpetrating fraud against the government. Vermont Agency of Nat. Res. v. U.S. ex rel. Stevens, 529 U.S. 765, 769 (2000). If the suit is successful, the relator is allowed to share in the recovery. Id. To proceed as a qui tam under the FCA, a relator files a complaint in the United States District Court, which is filed under seal and in camera. See 31 U.S.C. § 3730(b)(2).   The complaint is kept confidential, including to the defendant.   The relator must serve a copy of the complaint and a written disclosure statement upon the United States. Id. at § 3730(b)(2) and (4).   The United States investigates the relator's allegations and decides whether to intervene in the lawsuit and assume primary responsibility for the litigation. Id.   The United States may also dismiss the cause of action notwithstanding the objections of the realtor.   Id. at § 3730(c)(2)(A).

Plaintiff's FCA claim fails on a number of grounds.   First, she did not comply with the procedural requirements of the FCA.   Second, Plaintiff cannot proceed in a qui tam action because

9

she is self-represented. See Nasuti v. Savage Farms Inc., No. 14-1362, 2015 WL 9598315, at *1 (1st Cir. Mar. 12, 2015). Self-represented litigants are not authorized to bring a cause of action on behalf of others in federal court. See 28 U.S.C. § 1654. "Because the United States is the real party in interest in a qui tam action . . . , a relator may not litigate the case on behalf of the Government pro se." Martin v. United States Dep't of Agric., No. CV 118-009, 2019 WL 166554, at *3 (S.D. Ga. Jan. 10, 2019) (citing Timson v. Sampson, 518 F.3d 870, 873 (11th Cir. 2008); Stoner v. Santa Clara Cnty. Off. of Educ., 502 F.3d 1116, 1126 (9th Cir. 2007)).

Finally, Plaintiff's FCA claim fails because she does not allege that either Midland Mortgage or NAF made a fraudulent claim for payment against the United States. Costner v. URS Consultants, Inc., 153 F.3d 667, 677 (8th Cir. 1998) ("The FCA attaches liability, not to the underlying fraudulent activity, but to the claim for payment."). Plaintiff alleges "that upon information and belief[,] the forged loan documents were prepared to allow [ ] NAF to get unjust enrichment and apply for federal funding related to the Covid 19 pandemic under the Cares Act." (ECF No 35 at 4). Plaintiff suggests that NAF's actions were motivated by a desire to receive federal funds under the CARES Act, but there are no allegations that NAF actually made a claim for payment. As for Midland Mortgage, there are no allegations whatsoever that it made a fraudulent request for payment against the United States. The Court grants Defendants' motions to dismiss Count IV.

   **C.**  **Federal Trade Commission Act**

In Count V, Plaintiff alleges the Defendants engaged in unfair or deceptive acts or practices and are "guilty" of violating the Federal Trade Commission Act ("FTC Act"), 31 U.S.C. §§ 41, et seq. (ECF No. 35 at 17). Plaintiff alleges NAF issued a fraudulent loan, and Midland Mortgage "harmed the Plaintiff by ignoring her letters and telephone calls when she explaining [sic] that the

loan was fraudulent." (Id.) Plaintiff claims this conduct was in violation of Section 5 of the FTC Act.

Section 5 declares unlawful "[u]nfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce." 15 U.S.C. § 45(1)(1). It is well-established, however, that the FTC Act "creates no private right of action." In re SuperValu, Inc., 925 F.3d 955, 963 (8th Cir. 2019). Plaintiff is an individual bringing a private cause of action. Because the FTC Act does not create a private right of action, Plaintiff's FTC Act claim in Count V is dismissed.

>    **D.**    **Breach of Fiduciary Duty under ERISA**

In Count VI Plaintiff alleges NAF and Midland Mortgage breached their fiduciary duties under 29 U.S.C. §1109. After restating an excerpt of 29 U.S.C. § 1109, Plaintiff alleges NAF procured a fraudulent loan and incorrectly charged late fees and default servicing fees. She alleges both Defendants charged other fees not associated with her loan and returned payments instead of applying them to the loan. She further alleges Midland Mortgage "ignore[d] the numerous telephone calls, letters and emails regarding the fraudulent loan," failed to "correct the accounting errors and charges made by NAF," and "[made] threats to foreclose if she does not make a payment to which she does not owe." (ECF No. 35 at 18-19).

The statutory provision Plaintiff references in Count VI of her Amended Complaint, 29 U.S.C. § 1109, is part of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, et seq. In general, ERISA governs private employee benefits plans, such as pensions funds or employer-provided health insurance. To state a claim for breach of fiduciary duty under ERISA, a plaintiff must allege sufficient facts to show the following three elements: "1) defendant was a fiduciary of the plan, 2) defendant was acting in that capacity, and 3) defendant breached a fiduciary duty." Delker v. MasterCard Int'l, Inc., 21 F.4th 1019, 1025 (8th Cir. 2022)

11

(quotation and citation omitted).   It is clear from the Amended Complaint's allegations that the Defendants are not plan fiduciaries within the meaning of ERISA, and Plaintiff's claims are wholly unrelated to employee benefits.   Plaintiff fails to state a claim for breach of fiduciary duties under ERISA, and Count VI is dismissed.

### E.  Fair Credit Reporting Act

In Count X, Plaintiff asserts claims against the Defendants under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, et seq. The FCRA was enacted to ensure that credit reporting agencies ("CRAs") "exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy" by "adopt[ing] reasonable procedures for meeting the needs of commerce for consumer credit." 15 U.S.C. § 1681(a)(4) & (b). Congress also placed duties on entities that furnish information to CRAs. Furnishers of information are prohibited from knowingly reporting inaccurate information to CRAs. 15 U.S.C. § 1681s-2.   Consumers, however, do not have a private right of action against furnishers of information for reporting inaccurate information. Instead, enforcement is left to governmental agencies and officials.   Id. at § 1681s-2(c) & (d).

But Congress also requires furnishers of information to investigate disputed credit information and correct inaccurate information that is uncovered in the investigation.   When a consumer notifies a CRA that he or she disputes the accuracy of information appearing on his or her credit report, the CRA must, within 30 days, "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file" if it is "found to be inaccurate, incomplete, or cannot be verified." 15 U.S.C. § 1681i(a)(1)(A), (5)(A). If the CRA contacts the furnisher of information as part of this reinvestigation process, the furnisher must "conduct an investigation with respect to

12

the disputed information" and report the results to the credit reporting agency. 15 U.S.C. § 1681s-2(b).

A private cause of action does exist against a furnisher of information when the furnisher fails to conduct a reasonable investigation into disputed information after receiving notice from a CRA. Individual consumers may sue for willful or negligent failure to comply with the investigation requirements of § 1681s-2(b). 15 U.S.C. §§ 1681n, 1681o; McIvor v. Credit Control Servs., Inc., 773 F.3d 909, 915 (8th Cir. 2014).  However, the duties of a furnisher of credit information under 15 U.S.C. § 1681s–2(b) are triggered by notice from a CRA that its information is being disputed, not by notice from the consumer directly. Anderson v. EMC Mortg. Corp., 631 F.3d 905, 907 (8th Cir. 2011) (citing § 1681i(a)(2); Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1154 (9th Cir. 2009)).

In her Amended Complaint, Plaintiff alleges the following:

> The credit score of the Plaintiff has suffered as a result of the Defendant's actions. The score was at 789, and now is at 576.   This is proof that Plaintiff was harmed by Defendant's actions.   Both Defendants were told about the fraudulent loan and ignored the letters and telephone calls and emails.

(ECF No. 35 at 23).

Defendants are not CRAs; they are furnishers of credit information. There are no allegations in the Amended Complaint that Plaintiff filed a dispute with a CRA regarding credit information furnished by either NFA or Midland Mortgage. Further, there are no allegations that a CRA notified NFA or Midland Mortgage that Plaintiff was disputing credit information they had reported to the CRA. Consequently, Plaintiff fails to state a claim against NAF and Midland Mortgage under the FCRA. See Anderson, 631 F.3d at 907 (allegations that a furnisher of information "reported inaccurate data failed to allege a triggering CRA notice and therefore failed

13

to state a claim against [the furnisher of information] under the FCRA."). The Court dismisses Count X.

> F. **The Court Declines to Exercise Jurisdiction Over Plaintiff's State Law Claims.**

No federal claims remain in this case. It is within the discretionary authority of this Court to decline to exercise supplemental jurisdiction over state law claims once the Court has dismissed "all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); see United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966) (if federal claims are dismissed before trial, remaining state claims should also be dismissed). The Court declines to exercise supplemental jurisdiction over all remaining claims in this case and dismisses them without prejudice.

### IV. Conclusion

In sum, the Court concludes Plaintiff's Amended Complaint fails to sufficiently set forth factual allegations that state plausible claims under the FDCPA, the FCA, the FTC Act, ERISA, and the FCRA. The Court therefore dismisses with prejudice Counts III, IV, V, VI, and X. Finally, as no federal claims remain in this case, the Court dismisses without prejudice Plaintiff's Missouri state law claims in Counts I, II, VII, VIII, IX, XI, as well as any state law claim to quiet title of the Property.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Sabrina Koehler's Motion to File a Surreply to Defendant Midland Mortgage's Motion to Dismiss and Motion to File a Surreply to Defendant Brokers Solutions, Inc., d/b/a New American Funding's Motion to Dismiss, which the Court construes as motions for leave to file surresponses, are **DENIED**. [ECF Nos. 45, 50].

**IT IS FURTHER ORDERED** that Defendant Midland Mortgage's and Defendant Brokers Solutions, Inc. d/b/a New American Funding's Motions to Dismiss Plaintiff Sabrina

14

Koehler's First Amended Complaint are **GRANTED in part** and **DENIED in part.** Consistent with the terms of this Memorandum and Order, the motions are **GRANTED** to the extent that Counts III, IV, V, VI, and X are **DISMISSED with prejudice** under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  In all other respects, the motions are **DENIED without prejudice**.  [ECF Nos. 38, 46].

**IT IS FURTHER ORDERED** that the Court declines to exercise supplemental jurisdiction over Plaintiff Sabrina Koehler's state law claims in Counts I, II, VII, VIII, IX, XI, and any state law claim to quiet title of the Property, and these claims are **DISMISSED without prejudice**.

The Court will issue a separate Order of Dismissal.

*/s/ Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this   8th   day of July, 2024.